IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MCDANIEL COLLEGE, INC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-0505 |
| CONTINENTAL CASUALTY COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 30, 2020 Plaintiff McDaniel College, Inc. ("McDaniel" or "Plaintiff") filed the presently pending suit in the Circuit Court for Baltimore County against Defendants Continental Casualty Company ("Continental"), CNA Financial Corporation ("CNA"), and Riggs, Counselman, Michaels & Downs, Inc. ("RCM&D"). *See* Case No. C-03-CV-21-12. The gravamen of McDaniel's Complaint is that it has suffered severe financial losses as well as the physical loss of its property as a result of the COVID-19 Pandemic. Specifically, it contends that these losses and expenses are covered by the provisions of its commercial insurance policy purchased from Defendants Continental and CNA. Furthermore, McDaniel alternatively asserts claims of negligence and breach of contract and fiduciary duty against its longtime insurance advisor and broker RCM&D for failing to secure appropriate insurance coverage. There are five causes of action asserted under Maryland law. (ECF No. 4.)

McDaniel College is a citizen of Maryland. (*Id.* ¶ 16.) Defendant RCM&D is also a citizen of Maryland. (*Id.* ¶ 19.) Nevertheless, despite a lack of complete diversity, Defendants

Continental and CNA removed the case to this Court on February 26, 2021, arguing that Defendant RCM&D was fraudulently joined in this matter, and, therefore, that its citizenship should not be considered when assessing diversity under 28 U.S.C. § 1332. (ECF No. 1 ¶ 22.) The Plaintiff now seeks to remand the case back to the Circuit Court for Baltimore County. (ECF No. 10.)

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Defendants do not satisfy the heavy burden of fraudulent joinder, and McDaniel's Motion to Remand (ECF No. 10) is GRANTED. The presence of the non-diverse Defendant RCM&D destroys complete diversity as required by 28 U.S.C. § 1332. This action is accordingly REMANDED to the Circuit Court for Baltimore County, Maryland.

## BACKGROUND

The facts are viewed in the Plaintiff's favor as the Defendants Continental and CNA, the removing parties, bear the burden of demonstrating that removal to this Court is proper. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008). McDaniel College is a Maryland corporation with its principal place of business located in Westminster, Carroll County, Maryland. (ECF No. 4 ¶ 16.) Defendant CNA is an insurance holding company incorporated in Delaware with its principal place of business in Illinois. (*Id.* ¶ 17.) Defendant Continental is a property and casualty company, incorporated and headquartered in Illinois. (*Id.* ¶ 18.) Defendant RCM&D is an insurance broker engaged in the business of providing insurance services in the State of Maryland, including marketing and selling insurance products, analyzing insurance risks and exposures for its clients, and generally providing advice

and recommendations to its clients concerning their insurance needs.  (*Id.* ¶ 19.)  RCM&D is incorporated in Maryland and its principal place of business is located in Baltimore County, Maryland.  (*Id.*)

Plaintiff McDaniel College is a private college that enrolls approximately 1,700 students per year.  (*Id.* ¶ 23.)  The College's largest sources of revenue are tuition and room and board payments it receives from its students.  (*Id.* ¶ 27.)  McDaniel College also alleges that the school generates rental income from leasing and renting its physical spaces to third parties.  (*Id.* ¶ 27.)  Other sources of income for the College include admissions and food and beverage sales at athletic and other interscholastic events.  (*Id.* ¶ 32.)

Defendant RCM&D has allegedly served as McDaniel's "trusted insurance advisor and producer for years."  (*Id.* ¶ 19.)  "For more than a decade, RCM&D [ ] regularly analyzed McDaniel's risks and exposures, alerted McDaniel of those risks, advised McDaniel on how to protect itself from such risks through available insurance coverage, and procured insurance for McDaniel to cover [ ] RCM&D-identified risks and exposures."  (*Id.* ¶ 168.)  RCM&D allegedly held itself out as a higher education insurance specialist and represented to McDaniel College that it would "use its professional knowledge of the insurance marketplace, as well as the relationships it had with established insurance carriers and intermediaries, to provide McDaniel with a comprehensive insurance program, and contracted with McDaniel to provide [such] service."  (*Id.* ¶¶ 171-72.)

Based on the advice and analysis of RCM&D, McDaniel College purchased an "all-risks" insurance policy.  (*Id.* ¶ 36.)  The "Signature Property Insurance Policy," Policy No. 6023245110 (the "Policy") listed Continental as the issuing company and includes a statement

3

it is a "CNA POLICY." (*Id.* ¶ 37; *see also* Exh. A, ECF No. 1-2.) Coverage under the Policy began on December 1, 2019, and was effective for one year and one day, through December 1, 2020. (ECF No. 4 ¶ 40.) The Policy included a provision stating "this [P]olicy insures against risks of direct physical loss of or damage to property and/or interests described herein at covered Locations." (*Id.* ¶ 43; *see also* Exh. A at G300709A (10-08), ECF No. 1-2.)

McDaniel College asserts that it has sustained damage to its property and related interests due to the COVID-19 pandemic including, but not limited to, substantial sums spent to "repair" physical damage to its property, such as for cleaning and disinfecting premises, repairing or replacing air filtration systems, remodeling and reconfiguring physical spaces, and other measures to reduce or eliminate the presence of the coronavirus on its property. (ECF No. 4 ¶ 124.) McDaniel asserts that it has also suffered physical loss of its property, and that such losses are covered by the Time Element coverages included in the Policy. (*Id.* ¶ 131.) McDaniel further alleges that it has incurred reasonable and necessary extra expenses covered by the Policy as a result of the pandemic and precautions taken by the College. (*Id.* ¶¶ 135-37.) The Plaintiff sought to recover under the Civil Authority, Ingress-Egress, Rental Value and Leasehold Interest, and Contingent Business Interruption Policy coverages of the Policy. (*Id.* ¶¶ 138-41.) However, on July 27, 2020, Continental and/or CNA denied the Plaintiff's claims for coverage. (*Id.* ¶ 145; Exh. A., ECF No 1-2.)

On December 30, 2020, Plaintiff McDaniel College filed this action in the Circuit Court for Baltimore County, Maryland asserting five separate causes of action under Maryland law. (ECF Nos. 1, 4.) The Complaint alleges breach of contract against Continental and CNA (Count I); lack of good faith against Continental and CNA (Count II); negligence against

RCM&D (Count III); breach of contract against RCM&D (Count IV); and breach of fiduciary duty against RCM&D (Count V).  (ECF No. 4.)  On February 26, 2021, Defendants CNA and Continental filed a Notice of Removal with this Court.  (ECF No. 1.)  On March 29, 2021, the Plaintiff filed a Motion to Remand the case to state court.  (ECF No. 10.)

## STANDARD OF REVIEW

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims.  28 U.S.C. § 1441(a)-(c).  Federal courts have original jurisdiction over two kinds of civil actions: those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2006).  If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship.  The purpose of the diversity requirement "is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants.  The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005).  As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Id.* at 554.

Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if jurisdiction is defective.  28 U.S.C. § 1447(c).  Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority and must "do more than

5

simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

The "fraudulent joinder" doctrine "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). "'[A] joinder is fraudulent if there is no real intention to get a joint judgment, and . . . there is no colorable ground for claiming so.'" 2 Schwarzer, *et al.*, *Federal Civil Procedure Before Trial* § 2470 (quoting *AIDS Counseling & Testing Ctrs.*, 904 F.2d at 1003). As this Court recently explained in *Gilbert v. Dolgencorp, LLC*, it is difficult for a defendant to show fraudulent joinder. No. RDB-20-3465, 2021 WL 1697300 (D. Md. Mar. 4, 2021). There need only be a "glimmer of hope" that the Plaintiff's claim against the allegedly fraudulently joined party will succeed. *Id.* at *4 (citing *Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015)).

For the court to retain subject matter jurisdiction, the removing party "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* In other words, the burden requires a showing of either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). Under the latter showing, the plaintiff's claim at issue "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Id.* at 233. The United States Court of Appeals for the Fourth Circuit has explained, the "no possibility" standard "heavily favors the [plaintiff], who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466).

## ANALYSIS

Defendants Continental and CNA assert that this Court has subject matter jurisdiction over this suit under 28 U.S.C. § 1332, arguing that there is complete diversity of citizenship between the only proper defendant—Continental—and the Plaintiff, McDaniel College. (ECF No. 1.) Defendants Continental and CNA contend that "RCM&D's citizenship should not be considered when assessing diversity under § 1332 because it has been fraudulently joined as a defendant in this matter." (ECF No. 1 ¶ 22 (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) and *Fish v. Cincinnati Ins. Co.*, 451 F. Supp. 3d 430, 435 (D. Md. 2020)). Defendants assert that because the claims for negligence, breach of contract, and breach of fiduciary duty asserted against Defendant RCM&D are contingent upon a judicial determination that no coverage exists under the Policy, they are not ripe and there is "no

7

possibility that the plaintiff would be able to establish a cause of action" against RCM&D in this case. (*Id.* ¶¶ 23, 25-26 (citing *Marshall*, 6 F.3d at 232).)

As the asserted basis of this Court's jurisdiction lies in diversity of citizenship, under 28 U.S.C. § 1332(a), Maryland law applies. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). As this Court has previously noted, "Maryland courts have allowed cases brought by an insured against his insurance agent in either contract or tort." *Colden v. West Coast Life Ins. Co.*, No. RDB-12-1691, 2013 WL 1164922, at *4 (D. Md. Mar. 19, 2013). This Court noted in that case, "[t]he Maryland Court of Appeals has stated [ ] that where an insurance broker is employed to obtain an insurance policy covering certain risks and then fails to obtain that policy, it is 'generally accepted . . . [that] an action may lie against the broker, either in contract or in tort.'" *Id.* (quoting *Int'l Bhd. of Teamsters v. Willis Corroon Corp. of Md.*, 802 A.2d 1050, 1057-58 (Md. 2002)).

As the Plaintiff aptly notes, courts applying Maryland law have also adjudicated an insured's claims against the insurance agent or broker as well as the relevant insurance company within the same lawsuit. (ECF No. 10-1 at 9 (citing *CIGNA Prop. & Cas. Companies v. Zeitler*, 730 A.2d 248 (1999) and *Eremah v. Assurity Life Ins. Co.*, No. DKC-20-2069, 2020 WL 6154871 (D. Md. Oct. 20, 2020).) In fact, in *Eremah*, Judge Chasnow of this Court specifically held that the defendant had not carried the "heavy burden necessary" to find that an insurance broker was fraudulently joined in the case where the plaintiff sued both the insurer and insurance broker alleging breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of implied covenants, bad faith, and unfair trade practices. 2020

WL 6154871, at *6.  Judge Chasnow specifically noted this Court's earlier ruling in *Colden* and its reliance on decisions of the Maryland Court of Appeals, suggesting that a cause of action against an insurance broker exists under Maryland law.  *Id.* at *5-*6.

Ultimately, "newly elucidated factual allegations" allowed the *Eremah* defendant to show that the plaintiff could not assert a claim against the broker for breach of contract, and the Court denied the motion to remand.  *See Eremah v. Assurity Life Ins. Co.*, No. DKC-20-2069, 2020 WL 6544833, at *4 (D. Md. Nov. 6, 2020).  Nevertheless, Judge Chasnow's analysis is instructive.  In *Eremah*, Judge Chasnow carefully distinguished the case before her from that of *Fish v. Cincinnati Ins. Co.*, in which this Court declined to remand a case that included a claim against an insurance broker where the sole claim against that brokerage was negligence pled in the alternative "only 'if no insurance contract [was] found to govern the dispute.'"  *Id.* at *3 (citing *Fish v. Cincinnati Ins. Co.*, 451 F. Supp. 3d 430 (D. Md. 2020)).  In that case, the relevant insurance company had already admitted that there was a contract that governed the dispute, and, therefore, the alternative negligence claim was moot and not viable.  *Fish*, 451 F. Supp. 3d at 435-36.  In *Eremah* and in this case at bar, the relevant insurance company made no such concessions.  Indeed, in this case Continental and/or CNA has continued to assert that McDaniel College is not entitled to coverage under any of the provisions of the Policy.

The burden on the Defendant to show fraudulent joinder is a heavy one.  The "no possibility" standard "heavily favors the [plaintiff], who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants."  *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466).  McDaniel College has been denied coverage under the Continental/CNA Policy.  Maryland law has recognized a cause of action against insurance brokers when clients

have been denied coverage they sought to obtain through their brokers. There is certainly more than a "glimmer of hope" that McDaniel College could prevail against Defendant RCM&D in this case. Although the claim against RCM&D is pled in the alternative to the Plaintiff's claims against Continental/CNA, both Maryland and Federal Rules of Civil Procedure allow pleading in the alternative. *See* Md. Rule 3-303; Fed. R. Civ. P. 8. Further, as noted above, courts have specifically heard claims against an insurance broker and insurer within the same case. *See Zeitler*, 730 A.2d at 453 (describing two-count complaint litigated at trial: Count I alleged breach of contract against insurance company and Count II sought damages from insurance broker for failing to secure appropriate coverage).

In sum, "[f[raudulent joinder is not shown simply because the action is likely to be dismissed against that defendant: '[The Court] do[es] not decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a possibility that he may do so.'" 2 Schwarzer, et al., *Federal Civil Procedure Before Trial* § 2467 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992) (emphasis added). There is a certainly the possibility that McDaniel may prevail against Defendant RCM&D. Accordingly, this Court may not disregard the Maryland citizenship of the non-diverse party, and there is no complete diversity.

## CONCLUSION

For the reasons stated above, the Plaintiff McDaniel College's Motion to Remand (ECF No. 10) is GRANTED. As the Plaintiff asserts only state law claims against the Defendants in this case, this Court retains subject matter jurisdiction solely through diversity jurisdiction under 28 U.S.C. § 1332. As Defendants Continental and CNA did not satisfy the

heavy burden of fraudulent joinder, the presence of the non-diverse Defendant RCM&D destroys complete diversity as required by 28 U.S.C. § 1332.  This action is accordingly REMANDED to the Circuit Court for Baltimore County, Maryland.

    A Separate Order follows.

Dated: May 26, 2021

                                                                                               /s/

                                                                         Richard D. Bennett  
                                                                         United States District Judge